CHARLES B. CALVERT, JR., Administrator *d. b. n.* of CHARLES B. CALVERT, and others, *vs.* RICHARD WILLIAMS, and others. RICHARD WILLIAMS *vs.* CHARLES B. CALVERT, JR., Administrator *d. b. n.* of CHARLES B. CALVERT, and others. LLOYD W. WILLIAMS, Trustee, and others, *vs.* RICHARD WILLIAMS.

## Computation of Time in relation to an Appeal.

In computing the time within which an appeal from a decree of a Court of Equity may be taken, the day of the date of the decree should be excluded.

APPEALS from the Circuit Court for Montgomery County, in Equity.

These appeals having been dismissed without argument upon their merits, a motion was made to re-instate them.

The motion to re-instate was argued before BARTOL, C. J., BRENT, MILLER, GRASON and ROBINSON, J.

*Levin Gale* and *William Schley*, for the motion.

*Joseph H. Bradley, Sr.*, against the motion.

GRASON, J., delivered the opinion of the Court.

The decree in this case was passed on the 24th day of January, 1870, from which the complainants appealed on the 24th day of February; Richard Williams, one of the defendants, appealed on the 21st day of October, and on the 24th day of October, 1870, Lloyd W. Williams, trustee, and Cramphin, one of the defendants, appealed.

The first appeal taken, was by the complainants, and as Cramphin is a defendant, that appeal does not at all affect his right to appeal, pending the first appeal, provided it was

taken in time.  By the ninth rule, adopted by this Court, all appeals from decrees or orders of Courts of Equity, shall be taken and entered within nine months from the date of the decree or order appealed from, and not afterwards; except it be alleged on oath that the decree or order was obtained by fraud or mistake, in which case the appeal shall be taken within two months from the time of the discovery of the fraud or mistake.  The tenth rule provides that all transcripts of records shall be made and transmitted to the Court of Appeals within six months from the time of the appeal prayed.  The decree in this case, as we have already stated, was passed on the 24th day of January, 1870, and the defendant, Cramphin, prayed his appeal on the 24th day of October, 1870, and the question presented is, whether his appeal is in time?  If the day on which the decree bears date and the day when the appeal was prayed, are both to be included in the computation of time, the appeal was not taken within nine months from the date of the decree; but if the day of the date of the decree is to be excluded, then the appeal is in time.  We have carefully examined and considered the authorities upon this point, and find that there is so much conflict in them, that no general rule is deducible from them, but each case seems to have been decided upon its own peculiar circumstances.  Some of the authorities, both English and American, make a distinction between those cases where time is to be computed from an act done, and those where it is to be computed from the date, and the day of the date; including the day of the act done in the former, and excluding the day of the date in the latter, and this rule was recognized in the cases of *King vs. Adderly, Doug.*, 463; *Norris vs. Hundred of Gawtry, Hobart*, 139; *Cartle vs. Burdett*, 3 *Term Rep.*, 624; *Glassington vs. Rawlings*, 3 *East*, 407, and *Claylin's Case*, 5 *Co.*, 1.  But in the case of *Lester vs. Garland*, 15 *Ves.*, 253, where, by the will of Sir John Lester, his sister, Mrs. Pointer, was required to give security within six months after his death, as the condition upon which her children should

43                    v. 34

take the benefit of his residuary estate, he having died on the 12th of January, 1805, and the security given on the 12th of July, following, Sir WILLIAM GRANT, Master of the Rolls, said, " it is said for the plaintiffs, that upon this subject a general rule has been by decision established, that where the time is to run from the doing of an act, (and for the purpose of this question it must extend to the happening of an event,) the day is always to be included. Whatever *dicta* there may be to that effect, it is clear the actual decisions cannot be brought under any such general rule;" and in that case, he decided that the day of Sir John Lester's death, was to be excluded, and that the security was given in time. It may safely be assumed that the tendency of modern cases is to exclude the day of the act or event, unless, for a special reason, it may be necessary to include it. 1 *Chitt. Genl. Prac.*, 774, 775; *Owen vs. Slatter*, 26 *Ala.*, 551; *Elder, Adm'r, vs. Bradley*, 2 *Sneed*, 252; *Sheets vs. Seldin's Lessee*, 2 *Wallace*, 189. We are therefore of opinion that the day of the date of the decree in this case ought to be excluded in computing the time, and excluding it, it follows, that the appeal of Cramphin was taken within nine months from the date of the decree, and within the time prescribed by the ninth rule, adopted by this Court, and which has the force of law.

The counsel of the respective parties having agreed that, if one of the appeals should be re-instated upon the docket by this Court, the others should also be re-instated, it becomes unnecessary for us to notice any of the questions in regard to the appeal of the complainants, but all three of the appeals will be re-instated upon the docket, and will stand for argument at the next October Term of this Court.

<div style="text-align:right">

*Orders dismissing appeals rescinded,*
*and appeals re-instated.*