JOSEPH A. WINKEL *v.* MARGARET MAY GEIGER.

[No. 34, January Term, 1928.]

*.Decided April 4th, 1928.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Frank Driscoll,* with whom were *Louis Samuels* and *G. Clem Graetzel* on the brief, for the appellant.

*Fillmore Cook,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

A motion made by the appellees to dismiss this appeal must, in our opinion, be granted. It is an appeal by a purchaser of property at a sale upon foreclosure of a mortgage under the jurisdiction of the Circuit Court No. 2 of Baltimore City, from an order overruling his exceptions to the ratification of the sale because of a small difference between the amount of ground rent stated in the advertisement of sale, on the one hand, and the amount paid for a period of years

past and that specified in an early conveyance, on the other hand. The order was signed and filed on the 12th day of July, 1927, and the appellant's order for his appeal was sworn to and filed on the 13th day of September, 1927; and by section 36 of article 5 of the Code an appeal from an order of a court of equity is required to be taken and entered "within two months from the date of the decree or order appealed from, and not afterwards." There can be no doubt that, according to the rule followed by this court in previous decisions, the 13th day of September was beyond the time limit, "within two months" from the 12th day of July, unless an elimination of one or more days from the count should be possible. *Calvert v. Williams,* 34 Md. 672, 673; *Stiegler v. Eureka Life Insurance Co.,* 146 Md. 629, 655. And the appellant contends that September 12th, the last day of the two months, should be eliminated because that day was a legal holiday in Baltimore City and the office of the clerk of the court was closed. It has twice been decided that the fact that the last day of such a time allowance, longer than seven days, falls on Sunday, does not permit an extension of the time to include the Monday following. *American Tobacco Co. v. Strickling,* 88 Md. 500, 510; *Stiegler v. Eureka Life Insurance Co., supra.* And we do not find any sufficient ground for distinguishing between Sunday and a legal holiday on another day, under that rule. Such holidays would be common incidents of almost any two months' period in Maryland; except when Good Friday falls in March or Labor Day falls after the 4th day of September, there could be no two months' period which would not include one or more of them (Code, art. 13, sec. 9); and we must suppose the Legislature to have had in mind this likelihood of including holidays when it specified merely the two months. It did not allow two months clear of holidays. We do not understand it to be argued, indeed, that holidays anywhere before the last day of the two months should be deducted in calculating the time. Yet there seems to be no satisfactory ground for deducting for a holiday on the last day that would not require deduction for one on an earlier day.

It is to be borne in mind that, in time allowances such as this, it is not only the last day that has been allowed for the action to be taken; the whole of two months, or as it happens in this instance sixty-one days before the last one, have been allowed, and the latitude given by this was, we think, undoubtedly meant to provide for contingencies which might arise and interfere during the period. In view of these considerations, and of the authorities cited, it does not seem permissible to say that it was intended that an appellant might defer entering his appeal until the last day within the limit, and then because it was a holiday have still another day allowed him.

*Appeal dismissed, with costs to the appellee.*