MEMORANDUM SUSTAINING MOTIONS TO STRIKE
LUHRING, J.
This is a proceeding for the condemnation of land for the Michigan Avenue viaduct and approaches. It is based on an Act of Congress, approved February 12th, 1931, entitled “An Act to amend the Act entitled ‘An Act to provide for the elimination of the Michigan Avenue Grade Crossing in the District of Columbia and for other purposes,’ ” approved March 3rd, 1927, and Chapter XV of the Code of Laws for the District of Columbia, as amended by the Act of March 13th, 1929. Tit. 25, Secs. 41-50, Code D. C.
Hearing was had and thereafter, on the 10th day of February, 1936, the jury returned to the court their appraisement of the value of the interests of all persons respectively in the land involved.
Various persons interested filed objections and exceptions to the appraisement on the 2nd day of March, 1936. *137 On the 4th day of March, 1936, the District of Columbia filed its several motions to strike such objections and exceptions on the ground “that said objections and exceptions to the verdict were not filed within the time prescribed by law.”
It is provided by Sec. 487 of Chap. XV, Code of Laws, D. C., as amended (Tit. 25, Sec. 46, Code D. C.): “That the objections or exceptions to the appraisement shall be filed within twenty days after the return of the appraisement to the court.”
It is agreed that in the computation of the time the 10th day of February, 1936, the day when the jury’s appraisement was returned to the court, is to be excluded and the last day included. Thus, beginning with February 11th and counting February 28th and 29th as two days, the twentieth day will fall on Sunday, March 1st, 1936. As we have pointed out, the objections and exceptions were filed on Monday, March 2nd, 1936.
This presents the questions (a) whether or not, this being a leap-year, February 28th and 29th must be counted as one day (Tit. 19, Sec. 113, Code D. C.), and (b) if not, may the objections and exceptions be filed on Monday, the next secular day.
The Gregorian calendar and mode of computation of time were adopted in England and in the English dominions throughout the world in 1752 by statute, 24 Geo. II, c. 23. 2 Minor’s Inst. (4th ed.) 188. By a similar statute, this calendar has been adopted in the District of Columbia. Tit. 19, Sec. 111, Code D. C.
The word year means the period in which the earth fully completes its annual orbit around the sun. This is commonly computed to be actually 365 days and 6 hours. However, at common law, a year consisted of 365 days and was so computed.
*138 “Half a year is reckoned always for 182 days in England, and a quarter of a year 91 days. When the year consists of 365 days, this is a necessary rule, in order to avoid a fraction of a day, and in leap-year it grows out of the Stat. de anno bisextile, 21 Hen. Ill, enacting that the intercalated day in leap-year, together with the preceding day, shall be accounted for one day only. 2 Minor’s Inst. (4th ed.) 188. See, also, 2 Cooley’s Blackstone (4th ed.) 543 and 26 Ruling Case Law 731. The Stat. 21 Hen. III is in force in the District of Columbia. Tit. 19, Sec. 113, Code D. C.
Tit. 19, Sec. 113, Code D. C., and its English prototype, 21 Hen. Ill, apply only to periods measured in years, and where the period is measured in days, the 28th and 29th of February are to be counted as two days. 62 C. J. 1009; Helphenstine v. Vincennes National Bank, 65 Ind. 582, 32 A. R. 86.
The recent cases support the rule that when an act is to be done within a time fixed by statute, and the last day thereof falls on a Sunday, that day will not be excluded, unless a different rule for computing the time is provided by statute. Shefer v. Magone, 47 Fed. 872; Johnson v. Meyers, 54 Fed. 417; Meyer v. Hot Springs Imp. Co., 169 Fed. 628; Siegelschiffer v. Penn. Mutual Life Ins. Co., 248 Fed. 226; Maresca v. U. S., 277 Fed. 727, cert. denied 257 U. S. 657; In re Anttanen, 293 Fed. 473; Northwestern Publ. Ser. Co. v. Pfeifer, 36 Fed. (2d) 5; Larkin Packer Co. v. Hinderliter Tool Co., 60 Fed. (2d) 491; Walters v., B. & O. R. Co., 76 Fed. (2d) 599; Payne v. Hunt, (Cal.) 7 Pac. (2d) 302, motion for new trial; Lowry v. Stotts, 138 Ky. 251, petition to contest election; Winkel v. Geiger, 154 Md. 673, appeal from an order. See, also, 26 Ruling Case Law 750.
It seems that a more liberal view is taken in the construction of rules of court, and it is héld that the trial court *139 has power, where the final date for filing a transcript of the record falls on Sunday, which is followed by a legal holiday, to grant on the next succeeding day an ¿pplication for an extension of the time for filing the transcript. Lamson v. Andrews, 40 App. D. C. 39. So, also, in cases where the purpose and intent of the legislature is manifest and time is not vital, or where a power may be exercised up to and including , a given day of the month, and the last day happens to be Sunday, the act may be performed on the succeeding secular day. Street v. United States, 133 U. S. 299.
In Street v. United States, supra, an Act of Congress authorized the President to transfer officers from active duty to the list of supernumeraries, and, prior to January 1st, 1871, to fill vacancies on the active list by supernumerary officers, it was held that since January 1st, 1871, fell on Sunday the transfer to the supernumerary list on Monday, January 2nd, was proper. Mr. Justice Brewer, delivering the opinion of the court, said:
‘ ‘ The purpose of this Act is obvious. The direction of Congress was clear and distinct, and it would be strange if any executive officer could, by irregularity in executing the mandate of Congress, thwart this purpose. The matter of time was not vital. The purpose was reduction, and a reduction to be accomplished by selecting the best and mustering out the poorer element; and while Congress prescribed the time within which this mandate was to be executed, there is neither in terms nor by implication any subordination of the power to the matter of time.
“Again, it must be noticed that the first day of January was Sunday, that is, a dies non, and a power that may be exercised up to and including a given day ofthe month may generally, when that happens to be Sunday, be exercised on the succeeding day.” (Italics supplied.)
In construing the statutes of Texas with regard to the purchase of school lands, the Supreme Court of the United *140 States in Monroe Cattle Company v. Becker, 147 U. S. 47, observed that it was the obvions intent and purpose and even the solicitude of the legislature to prevent a monopoly of these lands by capitalists, or their withdrawal from the market by fictitious applications, and held that the surveyor could not receive another application during the ninety days allowed to a prior applicant to make his first payment. The ninety-day period in this case expired on Sunday, November 26th, and the application was filed on Saturday, November 25th. The court said:
“As the ninetieth day fell on Sunday, the lands were not open to another application until Monday, the general rule being that, when an act is to be performed within a certain number of days, and the last day falls on Sunday, the person charged with the performance of the act has the following day to comply with his obligation.”
The statute here under consideration is positive and mandatory. No provision is made for the extension of the time within which the objections or exceptions to the appraisement may be filed, nor for the exclusion of Sundays and holidays in the computation of the time. The jurisdiction of the court is limited to a consideration of only such exceptions are are filed within twenty days after the return of the appraisement. When that time expires, it is made the duty of the court to confirm the appraisement. Shannon and Luchs Const. Co. v. Reichelderfer, 61 App. D. C. 36.
In Shannon and Luchs Const. Co. v. Reichelderfer, supra, the court dealt with the statute here under consideration. Mr. Justice Yan Orsdel, who delivered the opinion, said:
“But the limitation here is statutory, and relates to proceedings after verdict. Under those circumstances the rule is different. The objections and exceptions are in the nature of a motion for a new trial, and must be filed within the time limited.”
See, also, Covey v. Williamson, 52 App. D. C. 289.
*141 The court can find no act of Congress similar to the statutes of several of the States which specifically provide that in computing the time within which an act is to be done or other proceeding had, Sundays and holidays are to be excluded. See Note to Simmons v. Hanne (50 Fla. 267), 7 Am. and Eng. Ann. Cases 325, where list of such states is given. Congress knew that in any period of twenty days one or more Sundays would intervene, and if it was intended to exclude the Sundays in the computation apt provision would have been made. See Tit. 25, Sec. 110 f, Code D. C., of the Statute for the acquisition of land in the District of Columbia for use of the United States, where it is provided that “no motion * * * to set aside or vacate the verdict * * * shall be made after the expiration of twenty days, Sundays and legal holidays excluded, from the rendition thereof ; * * *.”• See, also, Negotiable Instruments Act, Tit. 22, Sec. 126, Code D. C., providing that “when the day of maturity falls upon Sunday or a holiday the instrument is payable on the next succeeding business day.” Specific provision is made in the Bankruptcy Act, Tit. 11, Sec. 55, U. S. C. A., for the computation of time, and it is there provided that “whenever time is enumerated by days * * * the number of days shall be computed by excluding the first and including the last, unless the last fall on a Sunday or holiday, in which event the day last included shall be the next day thereafter which is not a Sunday or legal holiday.”
The court is of opinion that Sunday, March 1st, was the last day for the filing of the objections and exceptions, and that the filing on Monday, March 2nd, was too late.
The motions to strike must be sustained.