MARY A. CUNNINGHAM *vs.* JOHN W. MAHAN & another.

Sunday is to be excluded in the computation of time under St. 1861, *c.* 112, which provides that when notice of desire to take the poor debtors' oath is served by leaving a copy at the place of abode of the creditor, not less than twenty-four hours shall be allowed before the time appointed for the examination.

CONTRACT upon a recognizance to appear and take the oath for the relief of poor debtors, signed by the defendant Mahan as principal, and the defendant Campbell as surety.

At the trial in the Superior Court, before *Putnam*, J., it was agreed that the defendant Mahan executed the recognizance declared upon on the 18th of March 1871, having been arrested on that day upon an execution issued in favor of the plaintiff, and brought before a commissioner of insolvency ; that on the 15th of April, at the request of Mahan, who desired to take the poor debtors' oath, the commissioner issued the notice prescribed by law, appointing Monday the 17th of April, at nine o'clock A. M., as the time for Mahan's examination ; that the notice was served by leaving an attested copy of it at the last and usual place of abode of the plaintiff, at ten minutes past four o'clock on the afternoon of Saturday, the 15th of April.

The court ruled that this notice was not sufficient, and the defendants thereupon consented that a verdict should be taken for the plaintiff, and excepted to the ruling.

*C. Abbott,* for the defendants. The intent of the statute is to keep defendants under arrest the least possible time. One hour's notice is sufficient for personal service. Gen. Sts. *c.* 124, § 13. Twenty-four hours' notice is required where the service is made by leaving the notice at the creditor's residence, lest the debtor should take advantage of the creditor's absence from home.

In determining whether Sunday is to be included in the computation of time, the decisions look chiefly to whether such method of computation necessitates the performance of secular business on that day. *Franklin* v. *Holden*, 7 R. I. 215. *Peacock* v. *The Queen*, 4 C. B. (N. S.) 264. *Asmole* v. *Goodwin*, 2 Salk. 624. *Thayer* v. *Felt*, 4 Pick. 354. *Penniman* v. *Cole*, 8 Met. 496, 501. *Alderman* v. *Phelps*, 15 Mass. 225. *Ex parte Dodge*, 7 Cowen, 147. *Creswell* v. *Green*, 14 East, 537. The creditor is likely to be at home on Sunday, and the service of notice Saturday night gives him therefore ample time.

*D. F. Crane*, for the plaintiff.

MORTON, J. When a statute fixes a limitation of time within which a particular act may or may not be done, if the time limited exceeds a week, Sunday is included in the computation ; but if it is less than a week, Sunday is excluded. This is the established rule of interpretation in this state. *Alderman* v. *Phelps*, 15 Mass. 225. *Thayer* v. *Felt*, 4 Pick. 354. *Penniman* v. *Cole*, 8 Met. 496. *McIniffe* v. *Wheelock*, 1 Gray, 600. *Hannum* v. *Tourtellott*, 10 Allen, 494.

The St. of 1861, *c.* 112, provides that "whenever the notice permitted by the thirteenth section of the one hundred and twenty-fourth chapter of the General Statutes shall be served by leaving a copy thereof at the last and usual place of abode of the plaintiff or creditor, his agent or attorney, not less than twenty-four hours shall be allowed before the time appointed for the examination."

As there is nothing in the statute to indicate a different intention of the Legislature, it falls within the general rule above stated, and, in the computation of the twenty-four hours to be allowed to the creditor, Sunday is to be excluded. It follows that the notice in this case was insufficient.

*Exceptions overruled.*