## JOHN HALEY *vs.* CATHARINE YOUNG.

Essex.  Nov. 10, 1882. — March 2, 1883.  C. ALLEN, COLBURN & HOLMES, JJ., absent.

If the last day of the three years limited by the Gen. Sts. *c.* 140, § 1, for the redemption of land from a mortgage, falls on Sunday, a tender of the amount due on the mortgage upon the following day is too late.

BILL IN EQUITY to redeem land from a mortgage.  At the hearing, the bill was dismissed, with costs; and the plaintiff appealed to the full court.  The facts appear in the opinion.

*C. U. Bell*, for the plaintiff.

*C. A. DeCourcy*, for the defendant.

FIELD, J.  The decree from which an appeal was taken recites that " this case came on to be heard upon bill and answer," and thereupon the bill was dismissed, with costs.  The papers

disclose a plea and answer. The plea is to the whole bill, and the answer does not purport to be in support of the plea. It does not appear that the plea was ever set down for hearing, and was either allowed, overruled, or ordered to stand for an answer; but, as the answer purports to answer the whole bill as a defence, it was probably considered that the defendant in filing it waived his plea; although it is possible that the plea may have been considered as an answer, and the answer as filed in support of the plea.

The bill alleges that, on February 19, 1879, the defendant "entered upon said premises for the purpose of foreclosure, and filed a certificate thereof in the registry of deeds for said county, which said foreclosure would be complete on the 19th day of February 1882;" and that "during the time limited for redemption the plaintiff has tendered the said defendant the amount due her on said mortgage, and asked her to accept it in satisfaction of the same." The plea distinctly alleges that the foreclosure became absolute on February 19, 1882, and "that at no time prior to the 20th day of February, 1882, was any tender of the amount due on said mortgage, or any other sum, made to her by the plaintiff, or by any other person, nor was any demand or request made upon her for an account of rents or profits of the mortgaged premises, or of the amount due on the mortgage, nor had she any notice of any intention or desire on the part of the plaintiff, or of any person, to redeem the premises from said mortgage." The answer also alleges "that prior to the 20th day of February 1882, when the said foreclosure became complete by lapse of time, the defendant had no notice of any intention or desire on the part of the plaintiff, or of any other person, to redeem the premises from said mortgage, nor was any request or demand made upon her to render any account of the amount due thereon." The answer also sets forth the circumstances under which the defendant occupied the premises; and in effect denies the allegation of the bill, "that the said defendant, by taking the rents and profits of said premises as aforesaid, has satisfied to herself most if not all of the principal debt and interest of said mortgage."

In a hearing upon the bill and answer, the allegations of the answer must be taken to be true; and whether the plea be

regarded as overruled by the answer, or as standing for an answer, it does not appear that the mortgage has been satisfied by the taking of the rents and profits; and it does appear that before February 20, 1882, no notice of an intention or desire to redeem the mortgage was given to the defendant, and no request upon her to render an account of the amount due was made, and it is conceded by the plaintiff that there was no tender of this amount before that day. By the Gen. Sts. *c.* 140, § 1, it is enacted that the possession obtained in either mode provided by the statute, if "continued peaceably for three years, shall forever foreclose the right of redemption."

In this case, the three years, if the day of entry is excluded, expired February 19, 1882, which was Sunday. The principal question which has been argued is whether a tender on Monday, February 20, 1882, would enable the plaintiff to maintain his bill under the Gen. Sts. *c.* 140, § 16. It is not contended that there has been any waiver of the entry to foreclose, or any agreement to extend the time of redemption, or that there are any equitable circumstances which would induce a court of equity to grant relief against a foreclosure which had become absolute. The ground taken is, that, because the three years of peaceable possession expired on Sunday, a tender on the following Monday is within the three years limited for redemption. It is said that, at common law, when the time for the performance of a contract according to its terms expires on Sunday, a performance on the following Monday is good. *Hammond* v. *American Ins. Co.* 10 Gray, 306. But this rule, whatever may be the extent of it, has not been applied to acts which by statute are required to be done within a time therein limited.

In *Cunningham* v. *Mahan*, 112 Mass. 58, the court say, "When a statute fixes a limitation of time within which a particular act may or may not be done, if the time limited exceeds a week, Sunday is included in the computation; but if it is less than a week, Sunday is excluded. This is the established rule of computation in this State. *Alderman* v. *Phelps*, 15 Mass. 225. *Thayer* v. *Felt*, 4 Pick. 354. *Penniman* v. *Cole*, 8 Met. 496. *McIniffe* v. *Wheelock*, 1 Gray, 600. *Hannum* v. *Tourtellott*, 10 Allen, 494."

In *Alderman* v. *Phelps*, *ubi supra*, the last day was Sunday. In *Cooley* v. *Cook*, 125 Mass. 406, the law is stated thus: "Whenever the time limited by statute for a particular purpose is such as must necessarily include one or more Sundays, Sundays are to be included in the computation, even if the last day of the time limited happens to fall on Sunday, unless they are expressly excluded, or the intention of the Legislature to exclude them appears manifest."

In the case at bar, we think the foreclosure had become absolute before February 20, 1882; and that a tender on or after that day was too late. It is unnecessary to consider the other objections taken to the bill. *Decree affirmed.*