## ELIZABETH L. TUTTLE *vs.* CITY OF BOSTON.

Suffolk.    January 21, 22, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Governor*, Veto.  *Veto*.  *Statute*, Validity.  *Evidence*, Best evidence.  *Practice, Civil*, Agreed statement of facts.  *Words*, "Returned."

*Whether* at the hearing upon an agreed statement of facts of a case involving the question, whether the Governor had exercised his veto power within the time prescribed in c. 1, § 1, art. 2 of the Constitution, the facts agreed upon would be competent evidence to controvert a statement of facts with regard to the veto appended by the Secretary of State as a note to the official printed copy of the statute, it here was not necessary to decide, because the facts set forth in the agreed statement were included in the secretary's note properly interpreted.

The Governor has not returned a bill of which he does not approve to the branch of the Legislature in which it originated with his objections thereto in writing within five days as required by c. 1, § 1, art. 2 of the Constitution in order to make his veto effectual, if on the fifth day his veto message is placed upon the desk of the clerk of that branch of the Legislature after the end of the legislative session for that day and after the office of the clerk has been closed in the ordinary and reasonable course of business and the clerk and his assistants have departed.

CONTRACT for an instalment of pension alleged to be due to the plaintiff under the provisions of St. 1912, c. 723, upon her retirement under the conditions set forth in that statute from the office of assistant probation officer of the Municipal Court of the City of Boston.   Writ dated November 2, 1912.

In the Superior Court the case was heard by *Dubuque, J.,* upon an agreed statement of facts.   The material facts are stated in the opinion.   The judge found the facts as stated in the agreed statement and reported the case for determination by this court.

*F. T. Field,* for the plaintiff.

*J. P. Lyons,* for the defendant.

RUGG, C. J.    This is an action of contract to recover an instalment of pension alleged to be due under St. 1912, c. 723.   All the requirements of that act have been complied with.   The single question is whether this statute was passed and became a law of the Commonwealth or was vetoed by the Governor.

In the official edition of the Acts and Resolves for 1912 (see R. L. c. 9, § 1), which is the evidence of the laws enacted during that

year (R. L. c. 175, § 73) is found a note by the Secretary of the Commonwealth, from which it appears that this bill (with another bill and resolve on the same footing) originated in the House of Representatives, was enacted by both branches of the General Court, and was "laid before the Governor for his revisal" on May 21. It was found with the other bill and resolve on the desk of the clerk of the House of Representatives on Tuesday, May 28, accompanied by veto messages from the Governor. It with the others "was due to be returned" by him to the House of Representatives on Monday, May 27. The speaker ruled that the vetoes were "without question returned after the clerk's office was closed on the last day during which, under Article II of section I of chapter I of the Constitution, three of the vetoes should apparently have been returned. There is no official record, whether the vetoes were left in the clerk's office before or after midnight. The chair therefore rules that simply leaving the papers in the clerk's office after it is closed is not such a return to the House of Representatives of the bills and resolves, with his objections thereto in writing, as is required by the Constitution, as the House can take cognizance of." This appears to mean that, although there was no record of the precise time when the message from the Governor was left in the office of the clerk of the House, the speaker, acting either upon information or upon reasonable presumptions in favor of the legality of the acts of a co-ordinate department of government (*McCarthy* v. *Commonwealth*, 204 Mass. 482, 485) assumed as the ground for his ruling that the message was in fact left in the clerk's office after it closed and when neither the clerk nor any representative of his was there, during Monday, May 27, which was the last of the five days within which under the Constitution the Governor had a right to express effectually his objection to the measure. This is the interpretation we place upon the ruling. This ruling, apparently having been acquiesced in by the House, became its action, and being published under the official sanction of the Commonwealth is treated as the foundation upon which the decision of this case must rest. As the agreed facts are in accord with this interpretation of the record in the official book, it is not necessary to discuss the question of their competency.

The language of the Constitution, (c. 1, § 1, art. 2,) so far as now

material, is "No bill or resolve of the senate or house of representatives shall become a law, and have force as such, until it shall have been laid before the governor for his revisal; and if he, upon such revision, approve thereof, he shall signify his approbation by signing the same. But if he have any objection to the passing of such bill or resolve, he shall return the same, together with his objections thereto, in writing, to the senate or house of representatives, in whichsoever the same shall have originated. . . . And in order to prevent unnecessary delays, if any bill or resolve shall not be returned by the governor within five days after it shall have been presented, the same shall have the force of a law." The question is whether placing a veto message by the Governor upon the desk of the clerk of the branch of the Legislature in which the bill originated after the end of the legislative session for the day and after the office had been closed in ordinary and reasonable course and the clerk and his assistants had gone, was an exercise of the constitutional right vested in the Governor.

After a bill has been passed by the Legislature, it must be presented to the Governor for revisal, and then there are three ways and only three in which it may become a law: first, by the approval of the Governor manifested by his signing the same; second, by a passage of the bill after consideration of it, notwithstanding objections made by the Governor by a vote of two thirds of each branch of the Legislature; and third, by a failure on the part of the Governor either to approve or disapprove within five days after it shall have been presented to him, when it shall have the force of a law. It is contended by the plaintiff that the bill became a law in the third way.

The duty of revisal of acts passed by the legislative department of government, which is vested by the Constitution in the Governor, is a personal duty. It must be performed by him alone, and cannot be delegated. It is a high prerogative. It enables the single executive officer chosen by all the people to interpose his judgment against that of their representatives in the legislative department, and to compel a consideration by them again of the wisdom of the proposed law. It permits them to enact a law against his objections only by a two thirds vote of each legislative branch, instead of by a majority vote as is the rule touching ordinary legislation. It is a power conferred by the Constitution itself.

It cannot be narrowed or cut down in any respect by the legislative department.  The time within which it is to be exercised under the Constitution cannot be lessened, directly or indirectly, by the Legislature.  So long as the veto power is exercised within the limits prescribed by the Constitution, it is effective.  But the extraordinary character and far reaching consequences of the act of veto are some indication of a necessity that it shall be exercised with a regularity and orderliness commensurate with its importance.

The computation of time from a date or from an event or act done excludes the day of the date, *Bemis* v. *Leonard,* 118 Mass. 502, and also excludes Sunday when the time limited is' less than a week, *Cunningham* v. *Mahan,* 112 Mass. 58, unless a different intention is manifested in the statute or writing to be construed.

These general rules apply to the interpretation of the clause of the Constitution now under consideration.  The circumstances of the present case do not require a determination whether legislative or calendar days are intended by the Constitution.  See *Opinion of the Justices,* 3 Mass. 567.  Nor need it be decided whether, if seasonable notice was given by the Governor to the branch of the Legislature in which the bill originated of his intention to return it with his objections to it or to its clerk, it would be necessary for that branch or its clerk to arrange for the reception of such communication from the Governor within such time on the last of the five days allowed as would enable him in the exercise of the discretion vested in him to complete necessary investigations, conclude deliberations, and formulate objections.  The facts disclosed on this record are that without such notice and after the branch of the Legislature in which the bill originated had adjourned for the day, and after the usual and reasonable time for closing the office of its clerk had come, and after it in truth was closed and no one was there, the veto message was placed on the clerk's desk.  The clerk's office was closed on the day in question not earlier than was reasonable.  This would be the presumption, and it appears from the agreed facts.

The language of the Constitution which we have quoted is that if the bill "shall not be returned by the governor within five days after it shall have been presented, the same shall have the force of a law."  The word "returned" in this sentence must signify

at least a restoration of the bill to the custody of the branch of
the Legislature in which it originated, at a place and under
circumstances which permit that branch or some officer of it to
know that the bill is so restored and to make a record of the
time of such restoration when that time may become important
in its future consideration. See *Orne* v. *Barstow,* 175 Mass. 193,
and *Old Colony Street Railway* v. *Thomas,* 205 Mass. 529. "Re-
turned" as used in the sentence last quoted from the Constitu-
tion is the correlative of "presented" in the same sentence, and
of "laid before" in the earlier part of the same article, where
it is provided that no bill shall become a law "until it shall have
been laid before the governor for his revisal." It has been
said that this requirement of laying before or presenting to the
Governor is not satisfied in any other way than by bringing
it physically before the individual who is required to exercise the
power of revisal, and that a constructive or implied delivery to
him falling short of this will not suffice. *Opinion of the Justices,*
99 Mass. 636. *Dimick* v. *Barry,* 211 Mass. 165.

Without deciding that the bill must be returned to the House
when in session, (as that point is not necessarily involved,) it is
at least essential that in order that the bill be returned to the
House in which it originated, it likewise should be placed in
the actual custody of the House, or at least of its clerk or other
duly authorized officer. The constructive return which might
be assumed under some conditions to flow from placing the
bill within a room under the jurisdiction of the proper branch
of the Legislature, but in the absence of any person representing
it, cannot be treated as a return of a bill with the objections of
the Governor in writing in the constitutional sense.

The requirement of the Constitution was not met by putting
the bill with the message in the office of the clerk of the House when
no one was there under the circumstances narrated. See *In re
Public Utility Board,* 54 Vroom, 303.

It follows that the bill was not vetoed, and, not having been
returned with the objections of the Governor to the House in
which it originated within five days after it was presented to him,
it had the force of law. The plaintiff is entitled to judgment.

*So ordered.*