JOHN H. STEVENSON *vs.* EDWARD C. DONNELLY.

Suffolk.    March 8, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Police, District and Municipal Courts,* Appeal.    *Practice, Civil,* Appeal. *Lord's Day.    Time.    Landlord and Tenant,* Existence of relation.    *Contract,* What constitutes.    *Fence.    Words,* "Within six days," "Days."

Where a statute fixes a limitation of time within which a particular act may or may not be done, if the time limited is less than a week, Sunday is excluded.

In computing the "six days after the entry of the judgment" within which, by the provisions of R. L. c. 173, § 97, as amended by St. 1910, c. 534, § 1, a person aggrieved by a judgment of a municipal court in a civil action may appeal to the Superior Court, Sunday is excluded.

In the same statute, the word "days" means entire days, and an appeal perfected at any time during the sixth day, exclusive of Sunday, although not within the sixth secular period of twenty-four hours, is effectual.

In an action for use and occupation of a fence upon land of the plaintiff for bill posting purposes, if there is no evidence as to any talk between the plaintiff and the defendant as to the use of the fence by the defendant, and if the evidence tends merely to show that the defendant made a contract for the use of the fence with a person who had no authority to make such a contract on the plaintiff's behalf, and that, as soon as the defendant was notified by the plaintiff that the plaintiff would claim compensation for the use of the fence, he ceased using it, a finding for the plaintiff is not warranted.

*Whether* one, who used a fence on land of another for advertising purposes under a certain agreement with the landowner permitting him to do so for an agreed compensation, is a tenant or licensee, here was not passed upon, because such use of the fence was without authority from the landowner and was under no agreement authorized by him.

CONTRACT for use and occupation of premises of the plaintiff "for billboard purposes." Writ in the Municipal Court of the City of Boston dated December 3, 1910.

Judgment was entered for the defendant in the Municipal Court and an appeal was claimed by the plaintiff under the circumstances stated in the opinion.

Upon the entry of the appeal in the Superior Court, the defendant filed a motion that the case be dismissed because the appeal was not taken and perfected within the time provided by the statute. The motion was heard and was denied by *Jenney, J.* The defendant appealed and the judge, after the trial of the case in the Superior Court and the allowance of exceptions of the defendant saved at the trial, reported the case for determination by this court as to the correctness of his ruling.

The case was tried before *Hitchcock, J.* The material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings, among others:

"1. On all the evidence and the pleadings the plaintiff is not entitled to recover and your verdict must be for the defendant."

"6. On all the evidence the relation of landlord and tenant did not exist between the plaintiff and the defendant."

The rulings were refused. The jury found for the plaintiff in the sum of $364.10; and the defendant alleged exceptions.

*J. M. Maloney,* for the defendant.

*J. F. Daly,* for the plaintiff.

RUGG, C. J. This is an action begun in the Municipal Court of the City of Boston, where judgment was entered in favor of the defendant. A doubt is raised as to the jurisdiction of the Superior Court founded on the ground that the appeal from the judgment of the Municipal Court was not seasonably prosecuted. That judgment was entered at ten o'clock in the forenoon of Friday, the third day of February, 1911, the hour and day of the week required by R. L. c. 177, § 2. The appeal was perfected at 11.15 o'clock in the forenoon of February 10, which was the seventh day counting Sunday, and the sixth day excluding Sunday, after the entry of the judgment. It is provided by R. L. c. 173, § 97, as amended by St. 1910, c. 534, § 1, that "a party who is aggrieved by the judgment of a . . . municipal court . . . in a civil action . . . [with exceptions not here material] . . . may . . . within

six days after the entry of the judgment, appeal therefrom to the Superior Court." The time provided for the filing of the appeal bond by the two following sections is "within six days after the entry of the judgment." The first point to be determined is whether Sunday is excluded from or included within the six day period limited by the statute. It was said in *Cunningham* v. *Mahan*, 112 Mass. 58, at page 59, "When a statute fixes a limitation of time within which a particular act may or may not be done, if the time limited exceeds a week, Sunday is included in the computation; but if it is less than a week, Sunday is excluded. This is the established rule of interpretation in this State." This statement of the law has been approved in *Haley* v. *Young*, 134 Mass. 364; *Cowley* v. *McLaughlin*, 141 Mass. 181, and *Tuttle* v. *Boston*, 215 Mass. 57, 60. It was a renewed declaration of the law of earlier cases. In *Cooley* v. *Cook*, 125 Mass. 406, where the question related to a period of four months, it was said, "Whenever the time limited by statute for a particular purpose is such as must necessarily include one or more Sundays, Sundays are to be included in the computation, even if the last day of the time limited happens to fall on Sunday, unless they are expressly excluded, or the intention of the Legislature to exclude them appears manifest." If that test be applied literally to the instant statute, the appeal would not be seasonable, for the reason that a Sunday must always be included in a period of six days beginning on Friday, or possibly on Thursday. R. L. c. 177, § 2. The statement of the law in *Cooley* v. *Cook*, was not phrased with a view to any such question as is here presented, but with reference to the computation of a period within which several Sundays of necessity would be included. That case discloses no purpose to change the rule stated in *Cunningham* v. *Mahan*. It is a simple rule, easy of application and as free from the possibility of misapprehension or mistake as any such rule well can be, to hold that in computing any period of time less than a week, Sunday is to be excluded; and that in computing any period of time of a week or more, Sunday is to be included. This is the law as it has been commonly understood and practiced in this Commonwealth for many years. It is a good practical rule. There is no reason disclosed on this record why it should not be applied in the case at bar.

Although in this instance the effect of the statute in prescrib-

ing six days is the same as if a period of seven days had been limited, that is a mere accident and does not affect the soundness of the rule. As Sunday is to be excluded in reckoning the period, the appeal was perfected on the sixth secular day after the judgment of the Municipal Court.

As the appeal was not perfected until after eleven o'clock on the sixth day after the entry of judgment, the further question arises whether the period limited includes entire days or only a period of six times twenty-four hours measured on secular days from ten o'clock in the forenoon, the hour when the judgment is entered. It has been said, "The law knows no division of a day." *Portland Bank* v. *Maine Bank*, 11 Mass. 204. That is by no means a hard and fast rule and fractions of a day will be regarded when it is necessary in order to do justice between the parties. *Finneran* v. *Graham*, 198 Mass. 385. *Munns* v. *American Agricultural & Chemical Co.* 216 Mass. 423. Nevertheless, that fractions of a day will not be considered and the word "day" or "days" ordinarily will be construed to mean a whole day, is a convenient general statement to apply when there is nothing in the particular circumstances to indicate that some other meaning was intended by the parties or by the Legislature. It perhaps would be possible to say that, inasmuch as R. L. c. 173, §§ 97, 98 and 99, required the appeal to be perfected within twenty-four hours after the entry of the judgment, and this was extended by St. 1910, c. 534, § 1, to six days, a projection of the exact hour of the first day permitted by the earlier statute to the same hour of the sixth day was intended by the amendment. See *Cornfoot* v. *Royal Exchange Assurance Corp.* [1904] 1 K. B. 40. But there is nothing to show that in enacting the amendment "days" was used in any other than its ordinary sense of entire days. It seems more consonant with the general purpose of the amending act to define the word "days" in the same sense in which it commonly is used in statutes. As a practical working rule, apart from definition of the words of the statute, this seems quite as sound as the other would be. It is in accord with the construction usually given to the word. *Wiggin* v. *Peters*, 1 Met. 127, 129. *Clark* v. *Flagg*, 11 Cush. 539, 541. *Bigelow* v. *Willson*, 1 Pick. 485, 494. *In re North*, [1895] 2 Q. B. 264. It follows that the appeal was entered seasonably and that the Superior Court had jurisdiction.

The action is for the recovery of rent for the use of a fence on land of the plaintiff by the defendant for advertising purposes. The only occupation which the plaintiff claimed had been made by the defendant was by posting bills on the street side of the fence. The plaintiff and the defendant never had any talk respecting its use. After it had been so used by the defendant for many years, the plaintiff by letters notified the defendant that he should claim compensation, and thereafter the defendant made no use of the fence. The uncontradicted evidence tended to show that the defendant made a contract with one Dodge for the use of the fence for advertising purposes, and compensated Dodge according to their contract up to the time of the letter of the plaintiff to the defendant, and that Dodge had no authority to act for the plaintiff in the matter. Under these circumstances there was no evidence warranting a recovery by the plaintiff in this form of action. It was said in *Central Mills Co.* v. *Hart*, 124 Mass. 123, at page 125, "In order to maintain assumpsit for the use and occupation of land, something in the nature of a demise must be shown, or some evidence given to establish the relation of a landlord and tenant. That relation can only grow out of a contract, and it accordingly has been held that a contract, express or implied, is necessary in order to sustain assumpsit for use and occupation." According to this rule of law, there was no evidence of a contract between the plaintiff and the defendant. The defendant made a contract with another person, who did not in any respect represent the plaintiff. *Boston Ice Co.* v. *Potter*, 123 Mass. 28.

It is not necessary to consider whether the nature of the use made by the defendant of the fence for advertising purposes would have constituted him a tenant or a licensee, if his occupation had been by virtue of an arrangement with the plaintiff or some one representing him. See *Roberts* v. *Lynn Ice Co.* 187 Mass. 402; *Lowell* v. *Strahan*, 145 Mass. 1.

*Order denying motion to dismiss affirmed.*
*Exceptions sustained.*