ANNIBAL MARCELLINO, petitioner.

Plymouth.     March 31, 1930. — April 4, 1930.*

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Practice, Criminal,* Exceptions: Allowance and establishment. *Lord's Day. Legal Holiday. Time.*

It is the general rule that when the time limited by a statute for the performance of any act is less than seven days, Sunday shall not be included in the computation.

Where such computation is from the day of a certain date, event or act, such day is excluded.

The implication of G. L. c. 4, § 9; c. 213, § 4, is that, so far as performance of business connected with the courts is concerned, legal holidays stand on the same footing as does the Lord's day.

A legal holiday as well as a Sunday should be excluded in computing the three days within which exceptions must be filed in a criminal case.

A defendant was found guilty at the trial of an indictment on February 20. February 22, a legal holiday, fell on Saturday. He filed a bill of exceptions on February 25. *Held,* that the bill was filed seasonably.

PETITION, presented to the Supreme Judicial Court for the Commonwealth on March 10, 1930, for allowance of exceptions alleged to have been saved by the defendant at the trial before *Gibbs,* J., of an indictment against the petitioner.

*D. W. Casey,* for the petitioner.

*W. P. Kelley,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.     This is a petition to establish exceptions in a

---

*Although the order granting this petition was made on April 4, 1930, and an opinion then was filed, it has seemed best to the court to report the decision out of order and with that determining the exceptions set forth in the petition, *Commonwealth* v. *Marcellino, post,* 325.

criminal case. The petitioner alleges that at his trial upon an indictment he was found guilty by verdict rendered on February 20, 1930; that on February 25, 1930, he filed a bill of exceptions; that between the date of the rendition of the verdict and the date of the filing of his exceptions there intervened February 22, 1930, which is a legal holiday, and Sunday, February 23, 1930; that the trial judge refused to allow the bill of exceptions because not seasonably filed, and dismissed it. It is conceded that these are the facts.

It is provided by G. L. c. 278, § 31, as amended by St. 1925, c. 279, § 2, St. 1926, c. 329, § 6, that in a criminal case exceptions shall be filed "within three days after the verdict." It is provided by G. L. c. 4, § 7, Eighteenth, as amended by St. 1928, c. 235, that February twenty-second, with other designated days, shall be a legal holiday in this Commonwealth and that "the public offices shall be closed on all of said days." By G. L. c. 213, § 4, "The courts shall always be open in every county and the business thereof . . . may be transacted at any time; but such business shall not . . . be transacted on Sunday or on a legal holiday," with exceptions not here material.

It is the general rule that when the time limited by a statute for the performance of any act is less than seven days, Sunday shall not be included in the computation. *Cunningham* v. *Mahan*, 112 Mass. 58. *Haley* v. *Young*, 134 Mass. 364. *Cowley* v. *McLaughlin*, 141 Mass. 181. *Stevenson* v. *Donnelly*, 221 Mass. 161. It is also true that computation of time from a date or from an event or act excludes that day. *Tuttle* v. *Boston*, 215 Mass. 57, 60. See also G. L. c. 4, § 9, whereby it is provided that when the last day for the performance of any act falls on Sunday or on a legal holiday, it may be performed on the next succeeding business day unless specifically provided otherwise. The implication of these statutes is that, so far as performance of business connected with the courts is concerned, legal holidays stand on the same footing as does the Lord's day. *Grant* v. *Pizzano*, 264 Mass. 475 and cases cited. See also *Roman Catholic Archbishop of Boston* v. *Board of Appeal*

*of Boston,* 268 Mass. 416. It follows that a legal holiday as well as a Sunday should be excluded in computing the three days within which exceptions must be filed in a criminal case. The judge was in error in ruling that the exceptions were filed too late and that they should be dismissed on that ground.

The district attorney and the defendant have filed an agreement to the effect that the bill of exceptions as filed conforms to the truth. Therefore the bill of exceptions as filed is established. *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534. The case is to take its place for argument in course.

*So ordered.*