PARK & TILFORD IMPORT CORP. *v.* UNITED STATES (No. 3943)[1]

United States Court of Customs and Patent Appeals, March 23, 1936

*Benjamin A. Levett* for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Ralph Folks* and *Francis J. Hogan,* special attorneys, of counsel), for the United States.

[Oral argument February 3, 1936, by Mr. Levett and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, holding that an affidavit filed six days after the delivery of certain imported merchandise, instead of five days as provided in paragraph 813 of the Tariff Act of 1930, was untimely, and that appellant was not entitled to an allowance in the assessment of duties for the loss of certain distilled spirits.

It appears from the record that, due to breakage of 134 bottles in 14 cases of an importation of distilled spirits, there was a loss of more than 10 per centum of the contents of 12 of those cases; that the collector at the port of New York made no allowance for the loss, but assessed duty on the entire shipment, because appellant's affidavit verifying the gauger's return was not filed within five days after the delivery of the merchandise.

We quote from the report of the collector:

The entry in question covers 3337 cases of whiskey.

Following the Inspectors' report of January 12, 1934, relative to a shortage of 2 cases of Golden Wedding Gold Label Whiskey and breakage of 134 bottles of whiskey of various brands, assessment of duty under the Tariff Act was made on 3,335 cases at $5.00 per gallon, computed on a basis of the number of gallons per case reported by the Appraiser. Due allowance was made in liquidation for the broken bottles reported by the Inspector in the assessment of duty on the bottles under Paragraph 810.

However, as the damaged cases were delivered on January 5, 1934, and the affidavit for allowance of breakage was not filed until January 11, 1934, more

[1] T. D. 48232.

than 5 days subsequent thereto, no allowance was made for the outage of whiskey reported by the Inspectors in the assessment of duty under the Tariff Act. Note Paragraph 813. Act of 1930, and Article 806, Customs Regulations of 1931.

However, full allowance for all outage was made in computing the Internal Revenue Tax.

Relative to the breakage of the bottles containing the distilled spirits, two Government inspectors reported as follows:

As inspectors assigned to discharge the cargo of the S. S. *Rosalind* arrival of December 15, 1933 from Halifax and in connection with reference indorsement #21923 concerning 3337 cases of liquor addressed to Tony Faust C/O Park and Tilford Import Corp. and entered under Warehouse Bond 42055 we have to report as follows:

Delivery of above shipment was made from pier 74 North River as of various dates first delivery made December 20, 1933 and completed Jan. 5, 1934. *All damaged cases del'd on Jan. 5, '34.*

Certain cases of this shipment were examined and found in the condition as detailed below, such condition occurring in transit caused by pressure of cargo.

| | | |
|---|---|---|
| 8 cases G. & W. Gold Label, quarts | 44 | Bottles Broken |
| 3 cases Biltmore, pints | 51 " | " |
| 3 cases Walker Bourbon, pints | 39 " | " |
| Total | 134 " | " |

(Italics ours.)

A report signed by the same inspectors appears on the back of the delivery permit. It states that, of the fourteen cases containing broken bottles, there was a shortage of more than 10 per centum of the value of the contents in twelve of them, and a shortage of less than 10 per centum in the other two.

It is conceded by counsel for appellant that, in view of the provisions of paragraph 813, *supra*, appellant is not entitled to relief from the payment of duties assessed on the quantity of distilled spirits from two of the cases above referred to, because the shortage so reported was less than 10 per centum of the value of the contents thereof. It is contended, however, that as to the other twelve cases, appellant is entitled to the relief provided by statute.

Par. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within five days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amounting to 10 per centum or more of the total value of the contents of the said cask or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

In overruling the protest, the trial court, after stating the issues in the case, said:

It will be noted that the above-quoted statutory provision, limiting the time within which breakage affidavits may be filed, does not contain the words "exclu-

sive of Sundays", and in the absence thereof we must construe the statute in the ordinary meaning of the words used. The provision requires, as a condition precedent to obtaining allowance for breakage of distilled spirits, that an affidavit verifying the official gauger's return shall be filed by the importer within five days after delivery of the merchandise. Since the record in the case at bar shows that such affidavit was not filed within the statutory period, the protest is overruled. Judgment will be rendered for the defendant.

It clearly appears from the record that the cases containing the broken bottles were delivered to the importer on January 5, 1934, and that the importer's affidavit, hereinbefore referred to, was filed on January 11 of that year.

It is contended by counsel for appellant that, inasmuch as there was an intervening Sunday between January 5 and January 11, which, it is argued, should have been excluded in computing the five-day limitation, the importer's affidavit was filed within the five-day period prescribed in paragraph 813, *supra*, and was, therefore, timely. It is further contended by counsel for appellant that the record establishes there was no importation of the distilled spirits here under consideration, and that, therefore, the collector had no authority to assess duty thereon.

In support of the proposition that the intervening Sunday should be excluded in computing the number of days, counsel for appellant cites the following cases: *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122; *Maresca* v. *United States*, 277 Fed. 727, 731.

Counsel for the Government contend that the precise issue in the case at bar was not before the courts in the cases relied upon by counsel for appellant, and that, as stated in Sutherland on Statutory Construction, Vol. 1 (2nd Ed.), section 188, page 335, the rule contended for by counsel for appellant is *not universally* followed. It is further contended by counsel for the Government that the Congress has the power to prescribe the terms and conditions under which merchandise may be imported, as well as the terms and conditions for the presentation of claims of shortage in an importation, and that, the Congress having so provided in paragraph 813, *supra*, it was incumbent upon appellant, in the case at bar, to comply strictly therewith, and, having failed to do so, the judgment of the court below should be affirmed.

Relative to the computation of the period of time when an act is to be done, we quote from Corpus Juris, Vol. 62, §56, pp. 1007 and 1008:

It is a general rule, which in some jurisdictions is prescribed by statute, that, in the absence of statutory expression of a contrary intent, intervening Sundays, that is, Sundays which fall on neither the first nor last days, are to be included in computing a period of time, and a similar rule is applicable where holidays intervene, including Saturday half holidays, counting each as a half day. In some jurisdictions, this rule is qualified to the extent that the inclusion of intervening Sundays applies only to periods of time which necessarily include one or

more Sundays, and does not apply to a period of less duration than a week; that is, in the former case an intervening Sunday will not be excluded unless there is an express declaration excluding it, and in the latter case such a Sunday will not be counted unless a contrary intention is manifest; and the same rule applies where holidays intervene. In other jurisdictions, however, in cases where the period was shorter than a week, this distinction has been either unnoticed or rejected. (Authorities cited.)

The reason for the rule that an intervening Sunday shall not be included where the statutory time for the doing of a thing is less than a week was well stated by the Supreme Court of Indiana in *Howeisen* v. *Chapman*, 145 N. E. 487, 488:

It is also the general rule that, when a statute provides the time within which an act shall be performed intervening Sundays and holidays are to be included in computing the time, unless expressly or by necessary inference the statute provides otherwise.

The only exception to this rule seems to be that, where the time is less than a week in duration, *so that a Sunday would not necessarily intervene, courts will not presume that the Legislature intended to further cut down so short a time.* But, subject to this exception, intervening Sundays or holidays are generally counted, unless there is something to show a contrary intention upon the part of the Legislature. (Italics ours.)

A similar rule was also announced and approved in the following cases: *Levy* v. *Michon Bros.*, 77 So. 644; *American Tobacco Co.* v. *Strickling*, 41 A. 1083, 1086; *Yerkes* v. *Board of Sup'rs.*, 117 A. 772, 775; *Smithie* v. *State*, 101 So. 276; *Roettger* v. *Riefkin*, 113 S. W. 88; *In re Marcellino*, 171 N. E. 81; *Campfield* v. *Cook*, 52 N. W. 1031; *State* v. *Gandy*, 70 S. E. 163; *Minor* v. *McDonald*, 140 S. W. 401, 403, and, although the precise issue was not before the court, it was also approved in *Maresca* v. *United States, supra*.

Although a contrary view is entertained in some jurisdictions, we are of opinion that the rule hereinbefore stated is supported by reason and by the weight of authority. Certainly, its application in customs jurisprudence cannot prove harmful either to the interest of the Government or to that of importers.

For the reasons stated, we are of opinion that appellant's affidavit was timely. Accordingly, we find it unnecessary to consider other questions presented by counsel for appellant.

The judgment is *reversed*, and the cause *remanded* for proceedings consistent with the views herein expressed.