## HENRY IVREY *v.* STATE OF MARYLAND
[No. 19, October Term, 1940.]

*Decided October 31st, 1940.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*George B. Woelfel,* with whom was *Sigmund Levin* on the brief, for the appellant.

*Robert E. Clapp, Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *Marvin I. Anderson, State's Attorney for Anne Arundel County,* on the brief, for the State.

BOND, C. J., delivered the opinion of the Court.

This appeal must be dismissed. It is from a conviction and sentence in a criminal case, on a charge of perjury,

and, contrary to the rule of court that appeals in criminal cases must be taken within ten days from date of sentence, this one was taken on the eleventh day. Rule 25, sec. 1. The sentence was imposed on April 25th, 1940, and the appeal was taken on May 6th, following.

The difference between the tenth day and the eleventh is, of course, small and insignificant in some aspects, but here it is the difference between the two sides of a boundary line, necessarily placed somewhere, and the boundary cannot be maintained if it is to be disregarded for more or less short delays, or because it causes hardship in particular cases if observed. An exception has been made in a case of sentence of death, when the delay was ignored and the questions raised on appeal considered. *Rose v. State,* 177 Md. 577, 10 A. 2nd 617. But no other exception can be permitted if the court is to maintain a rule in performance of its constitutional duty to "prescribe the periods within which appeals may be taken." Constitution, art. IV, sec. 18. Ten days is an ample allowance for the mere clerical entry of an appeal.

Necessarily two of the days within the ten that elapsed were Sundays; the third day and the tenth or last were so; and an extension of the time to the Monday after the second Sunday is claimed by analogy to the several statutes or rules that permit the performance on Monday of an act required to be performed on or before a day which falls on Sunday. But it is settled in this State, at least, that when a number of days more than seven is allowed for an act, all Sundays are included in the count, unless expressly excluded. *American Tobacco Co. v. Strickling* 88 Md. 500, 508, 510, 41 A. 1083; *Yerkes v. Board of Supervisors,* 140 Md. 455, 463, 117 A. 772. In *Winkel v. Geiger,* 154 Md. 673, 141 A. 345, the last day of two months allowed for an appeal was a legal holiday, and the appeal was taken on the next day; but the court found itself required to dismiss it.

*Appeal dismissed.*