*Northern District*
#6155

## TEXTILE BANKING COMPANY, INC,
### Assignee

v.

## MELROSE ORGAN STUDIOS, INC. D/B/A

Argued: —— 1967.      Decided: —— 1967.

*Present:* Connolly, J. (Presiding), Parker, Durkin, J.J.

Case tried to *Landergan, J.*, in the District Court of Southern Essex #2427 of 1963

*Parker, J.*   In this action, *notice of a decision* in favor of the plaintiff was mailed to the attorney for the plaintiff and the attorney for the defendant on *Friday 28 May 1965*. The attorney for the plaintiff received his notice *Saturday, 29 May 1965*. The attorney for the defendant stated that he was not in his office 29, 30, or 31 May which was the weekend of a legal holiday, Memorial day, being on Sunday the 30th. Notice of the finding was in his mail which he opened on *Tuesday 1 June*. The defendant's request for

a report was filed on Monday *7 June 1965* after 4 P.M.

On Friday *11 June 1965* defendant's counsel brought a draft report to the clerk's office at 4:10 P.M. The clerk stated that the office closed at 4 P.M. and noted on the draft report the date *12 June 1965* and that the draft report was in the clerk's office at 4:10 P.M., *11 June 1965* the plaintiff filed a motion to dismiss appeal, later amended to a motion to dismiss claim for report and draft report "for failure to file the same in accordance with applicable rules". This motion was allowed in open court on *2 July 1965*. The plaintiff claims to be aggrieved by the ruling of the court with respect to the plaintiff's motion to dismiss the defendant's claim for report and draft report.

The report contains no copy of the plaintiff's motion to dismiss, the defendant's request for report or the draft report, nor does it disclose any findings or rulings of the court other than the granting of the motion. The motion to dismiss both these pleadings of the defendant was "because of failure to file the same in accordance with applicable rules". The motion was lacking in any specification in what way it fails to be in accordance with application rules or what rules are applicable However, the defendant raised no objection to this catch-all motion. Further, the plaintiff's argument at the hearing on the motion was that the time for filing the draft report should run from *29*

*June,* as the notice should have been at the office of the defendant's attorney and be there to receive it on that day, and that, even if the time of counting began on *1 June 1965, the* draft report was not filed seasonably because it was not in the clerk's office before 4 P.M., *11 June 1965.*

The questions raised by the plaintiff involve the interpretation of that part of G.L. c. 231 § 108. Third paragraph reading as follows:

> "The request for such a report shall be filed with the clerk of any district court within five days after notice of the finding or decision—"; Rule 27 of the Rules of the District Courts, third paragraph last sentence reading as follows: - "Such request for a report shall be filed with the clerk within five days after notice of the finding or decision"; and Rule 28 of the Rules of the District Courts reading as follows: "The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause—. If no draft report is filed as above required the cause shall proceed as though no claim for report had been made."

"After notice" means after knowledge of the substance of the notice comes to the person to be notified. *Regan* v. *Atlantic Refining Co.,* 304 Mass. 353; *Liberty Mutual Ins. Co., Peti-*

*tioner,* 298 Mass. 75, 76; *Jefferson* v. *L'Heureus,* 293 Mass. 490, 492; *Sweeney* v. *Morey & Co. Inc.,* 279 Mass. 495.

The notice of the finding was mailed to counsel on Friday, *28 May 1965.* The plaintiff's attorney received his notice Saturday, *29 May 1965.* The defendant's attorney did not go to his office that Saturday nor did he return to his office till *1 June 1965* when he found the notice in his mail. This period from Saturday, *29 May to 1 June 1965* covered the period of the Memorial Day holiday, *Sunday, 30 May* being Memorial Day, the holiday being *Monday, 31 May.* We do not consider that these facts, as a matter of law, show negligence on the part of the defendant's attorney or that he has not justified in his absence. See, *Sweeney* v. *Morey & Co. Inc.* supra at p. 502.

Therefore, the defendant's attorney received notice of the finding on *1 June 1965.*

Did the actions of the defendant's attorney constitute a filing of the request for a report and of the draft report?

The request for report "was filed in the clerk's office" on *7 June 1965* after 4:00 P.M. While Rule 72 of the District Courts sets forth hours when the Clerk's Office shall be open in accordance with the provisions of G.L. c. 218, § 15, the rule does not say that it shall be closed or that the Clerk shall not receive and file papers after those hours. This is what he did.

As to the filing of the draft report, the de-

fendant brought a draft report to the clerk at his office at 4:10 P.M. The clerk said the office closed at 4 P.M., but took the draft report, noting on it that it was in the clerk's office at 4:10 P.M. *11 June 1965*. He marked the report with the date *12 June 1965* and it was docketed on that date.

When the defendant had delivered the draft report to the clerk on *11 June 1965,* the clerk took it in his office for the purpose of filing and docketing. By his act, the clerk attempted to postpone his action of placing it with the papers of the case and docketing the case until *12 June 1965*. However, the defendant's attorney had placed the document in the possession and custody of the clerk in his official capacity. He had done all that was required of him. *We are of the opinion that the draft report was filed on 11 June 1965. Reed* v. *Acton,* 120 Mass. 130; *Orne* v. *Barstow,* 175 Mass. 193; *Garvey* v. *Revere,* 187 Mass. 545, 546; *Gorski's Case,* 227 Mass. 456, 459-60; *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508; *L. L. Brown Paper Co.* v. *Dept. Public Works,* 330 Mass. 496, 501.

Both the request for a report and the draft report were filed with the court. Since the defendant's attorney had filed request for a report and a draft report with the court, it must be decided whether the request was filed within five (5) days of the receipt of notice and was

the draft report filed within 10 days of the notice.

The request for report was filed *7 June 1965.* which was within five (5) days after receiving notice of the decision on Monday, *June 1,* as required by G.L. c. 231, § 108 and by Rule 27 of the District Courts?

When a statute fixes a limitation of time within which a particular act may be done, the day from which the time runs, which in the case at bar is *1 June,* is excluded. Therefore, the five days began to run on *Wednesday, 2 June. Laine* v. *Aarnio,* 265 Mass. 374, 375; *Sweeney* v. *Morey & Co. Inc.,* 279 Mass. 495, 499; *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 94.

The fifth day including and following *2 June* is *Sunday, 6 June.* When the period of time for an act to be done is less than a week, in determining the number of days, Sunday is to be excluded. *Cuningham* v. *Mahan,* 112 Mass. 58, 59; *Stevenson* v. *Donnelly,* 221 Mass. 161; *Mercellino, Petitioner,* 271 Mass. 323, 324; *Muldoon* v. *West End Chevrolet, Inc.,* 338 Mass. 91, 94.

Further, if the last day for performance of any act falls on Sunday or on a legal holiday, it may be performed on the next succeeding business day unless specifically provided otherwise. G.L. c. 4, § 9.

Accordingly, the fifth day for filing the re-

quest for report was Monday, *7 June 1965,* on which date the request was filed.

The Court erred in granting the motion to dismiss the request, assuming its action was based on the ground that the request for a report was not filed within the five days period of G.L. c. 231 § 108 and Rule 27 of the District Court.

Rule 28 of the Rules of the District Courts requires the filing of a draft report within ten (10) days after notice of the finding or decision. Whenever the time limited by statute for a particular purpose is such that it must necessarily include a period of one week or more, Sunday is to be included. *Stevenson* v. *Donnelly,* 221 Mass. 161, 163; *Cuningham* v. *Mahan,* 112 Mass. 58, 59.

Excluding *1 June,* the date of defendant's counsel received notice, the tenth day including 2 June is *11 June,* on which date the defendant's attorney filed his draft report.

There was error in allowing the plaintiff's motion.

The order allowing the motion to dismiss the request for report and the draft report is vacated, and the case returned to the District Court for action consistent with this opinion.

MARTIN S. ROSENBLATT
for defendant